RECEIPT # _____
AMOUNT $ 256
SUMMONS ISSUED Y-2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 9-2-05

FILED
CLERKS OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2005 SEP -2 A 11: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **REGINA STONE,**<br>Plaintiff,<br><br>v.<br><br>**ALBERT C. McMINOWAY, III,**<br>Defendant. | **CASE NO. CIVIL ACTION**<br><br><br>**05 - 11813 REK** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

MAGISTRATE JUDGE Bowler

### PARTIES AND JURISDICTION

1. The plaintiff, Regina Stone, is a citizen and resident of the Commonwealth of Kentucky, with an address of P.O. Box 905, Olive Hill, Carter County, Kentucky.

2. The defendant, Albert C. McMinoway, III, is a citizen and resident of the Commonwealth of Massachusetts, with an address of 2 Stevenson Way, Groveland, Essex County, Massachusetts.

3. This court has jurisdiction pursuant to 28 U.S.C. §1332, the amount in controversy, exclusive of interest and costs exceeding the sum specified in said statute.

### FACTUAL ALLEGATIONS

4. On or about August 14, 2005, at approximately 6:30 p.m., the plaintiff was a passenger in a vehicle owned by her and being operated on the Ward Hill Connector at the intersection of Ward Hill Road, in Haverhill, Massachusetts by David M. Thibeault.

5. On said date and time, the defendant, Albert C. McMinoway, III, was the owner and operator of a 2003 Dodge vehicle, Massachusetts registration 1001DO.

### COUNT I - NEGLIGENCE
### REGINA STONE v. ALBERT C. McMINOWAY, III

6. On or about August 14, 2005, at approximately 6:30 p.m., the plaintiff, Regina Stone, was a passenger in a vehicle owned by her and being operated on the Ward Hill Connector at the intersection of Ward Hill Road, in Haverhill,

        Massachusetts by David M. Thibeault.

7. On said date and time, the defendant, Albert C. McMinoway, III, while in an intoxicated state, failed to stop for a red light, entered said intersection, and collided with the vehicle in which the plaintiff was a passenger.

8. While operating said motor vehicle, the Defendant, Albert C. McMinoway, III, committed negligent acts or omissions, including but not limited to the following:

    (1) negligently failing to maintain a proper lookout for dangers, obstacles, and motor vehicles in the path of his vehicle;

    (2) negligently failing to keep his vehicle in proper control;

    (3) negligently failing to operate his vehicle so as to avoid a collision with the Plaintiff;

    (4) negligently failing to give his full time and attention to the operation of his motor vehicle;

    (5) negligently failing to sound his horn;

    (6) negligently failing to utilize his brakes;

    (7) negligently failing to stop for a red light;

    (8) driving while under the influence of intoxicating liquor; and

    (9) such other negligent and improper actions as may be discovered in the further investigation and pre-trial discovery of this claim.

8. As a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, Albert C. McMinoway, III, the Plaintiff, Regina Stone, has received serious and grievous physical injuries, including but not limited to fractures of the ribs, jaw and pelvis, injuries to face, eye and neck. Some or all of these injuries may be permanent in nature.

8. As a result of said injuries, the plaintiff was life flighted from the accident scene to Massachusetts General Hospital where she remained as an inpatient until her transfer to Spaulding Rehabilitation and will be required to transferred to a skilled nursing facility. She will require further surgery in the future and home health and other care.

9. As a direct and proximate result of the negligence and carelessness of the

Defendant, Albert C. McMinoway, III, the Plaintiff, Regina Stone, was then and there injured, both externally and internally, suffered severe shock to her body, became sick and disabled and will in the future suffer great pain and discomfort and physical impairment, loss of function, scarring and disfigurement. She has suffered and will continue to suffer great mental distress and a diminished capacity to enjoy life, has incurred lost wages or lost earning capacity and will incur same in the future, and she has been or will be kept from attending to her ordinary affairs and duties.

10. As a direct and proximate result of the negligence of the Defendant, Albert C. McMinoway, III, the Plaintiff, Regina Stone, has incurred medical bills for treatment and care.

### COUNT II - PUNITIVE DAMAGES

11. The plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this complaint as if fully rewritten herein.

12. The acts of the defendant in driving while under the influence of intoxicating liquors so as to cause grievous permanent injury to the plaintiff was willful, wanton, reckless and malicious so as to entitle the plaintiff to an award of punitive or exemplary damages

WHEREFORE, the Plaintiff, Regina Stone, prays for judgment against the Defendant, Albert C. McMinoway, III, in the sum of ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages on Count I, and the sum of FIVE MILLION DOLLARS ($5,000,000.00) in punitive damages on Count II, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Dated: 9/1/2005    By:    Respectfully submitted,
THE PLAINTIFF

*[signature]*

Alan R. Goodman, Esq.
Law Office of Alan R. Goodman
1350 Main Street, 12th Floor
Springfield, MA 01103
(413)736-1616
(413)736-4861 FAX
**BBO # 201620**

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
REGINA STONE

### DEFENDANTS
ALBERT C. McMINOWAY, III

(b) County of Residence of First Listed Plaintiff   Carter Co., KY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alan R. Goodman, Esq., 1350 Main St.
Springfield, MA 01103    (413)736-1616

Attorneys (if Known)
05-11813-REK

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sec 1332
Brief description of cause:
personal injury caused by motor vehicle negligence

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $1,000,000 comp
5,000,000 pun
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  9/1/2005

SIGNATURE OF ATTORNEY OF RECORD
Alan R. Goodman

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __REGINA STONE v. ALBERT C. McMINOWAY, III__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    __  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    __  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    __  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    __  V.    150, 152, 153.

    05-11813 REK

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☒        Central Division ☐        Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Alan R. Goodman
ADDRESS   1350 Main St., Springfield, MA 01103
TELEPHONE NO.   413-736-1616

(CategoryForm[1].wpd -5/2/05)