UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REGINA STONE<br>    PLAINTIFF | )<br>)<br>) | |
| VS. | )<br>) | CIVIL ACTION<br>NO. 05-11813 REK |
| ALBERT C. McMINOWAY, III<br>    DEFENDANT | )<br>) | |

### DEFENDANT'S ANSWER & CLAIM OF JURY TRIAL

1. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of plaintiff's complaint.

2. Defendant admits the allegations contained in paragraph 2 of plaintiff's complaint.

3. Defendant denies the allegations contained in paragraph 3 of plaintiff's complaint.

4. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 4 of plaintiff's complaint.

5. Defendant admits the allegations contained in paragraph 5 of plaintiff's complaint.

### COUNT I

6. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendant denies the allegations contained in paragraph 7 of plaintiff's complaint.

8. Defendant denies the allegations contained in the first paragraph 8 of plaintiff's complaint.

     8.(1) Defendant denies the allegations contained in paragraph 8.(1) of plaintiff's complaint.

    8.(2) Defendant denies the allegations contained in paragraph 8.(2) of plaintiff's complaint.
    8.(3) Defendant denies the allegations contained in paragraph 8.(3) of plaintiff's complaint.
    8.(4) Defendant denies the allegations contained in paragraph 8.(4) of plaintiff's complaint.
    8.(5) Defendant denies the allegations contained in paragraph 8.(5) of plaintiff's complaint.
    8.(6) Defendant denies the allegations contained in paragraph 8.(6) of plaintiff's complaint.
    8.(7) Defendant denies the allegations contained in paragraph 8.(7) of plaintiff's complaint.
    8.(8) Defendant denies the allegations contained in paragraph 8.(8) of plaintiff's complaint.
    8.(9) Defendant denies the allegations contained in paragraph 8.(9) of plaintiff's complaint.

8. Defendant denies the allegations contained in the second paragraph 8 (sic) of plaintiff's complaint.

8. Defendant denies the allegations contained in the third paragraph 8 (sic) of plaintiffs' complaint.

9. Defendant denies the allegations contained in paragraph 9 of plaintiff's complaint.

10. Defendant denies the allegations contained in paragraph 10 of plaintiff's complaint.

## COUNT II

11. Defendant repeats his answers to paragraphs 1 through 10 of plaintiff's complaint.

12. Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

## FIRST DEFENSE

And further answering, the defendant says that the plaintiff's Complaint fails to set forth facts

constituting a cause of action, and therefore the plaintiff cannot recover.

## SECOND DEFENSE

And further answering, the defendant says that the plaintiff's own negligence caused or contributed to the accident and injuries alleged, and therefore the plaintiff cannot recover.

## THIRD DEFENSE

And further answering, the defendant says that the plaintiff was more than 50 percent negligent in causing or contributing to the accident and injuries alleged, and therefore the plaintiff either cannot recover or any verdict or finding in his/her favor must be reduced by the percentage of negligence attributed to the said plaintiff.

## FOURTH DEFENSE

And further answering, the defendant says that the plaintiff's alleged injuries, if any, were caused by persons other than the defendant, his/her agents, servants or employees, and the plaintiff's alleged injuries, if any, were caused by persons for whose conduct the defendant is not responsible, and therefore the plaintiff cannot recover.

## FIFTH DEFENSE

And further answering, the defendant says that the plaintiff's alleged injuries, if any, do not come within one of the exceptions to the Massachusetts No-Fault Insurance Law, being Massachusetts General Laws, Chapter 231, Section 6D, and therefore the plaintiff is barred from bringing this action and cannot recover.

## SIXTH DEFENSE

And further answering, the defendant says that the alleged cause of action referred to in the plaintiff's Complaint falls within the purview of Massachusetts General Laws, Chapter 90, Section 34(m), and therefore this action is brought in violation of the law and the plaintiff cannot recover.

## SEVENTH DEFENSE

And further answering, the defendant says that at the time and place of the accident alleged, the plaintiff was not wearing a seatbelt; said seatbelt being available and

operational, and if the plaintiff sustained injuries, said injuries would have been greater than those sustained had he/she been wearing said seatbelt, and that accordingly any award received by the plaintiff should be reduced by the doctrine of "avoidable consequences" and/or failure of the plaintiff to mitigate his/her damages.

### EIGHTH DEFENSE

And further answering, the defendant says that he/she is entitled to a credit for any Personal Injury Protection benefits that the plaintiff received under any applicable policy of insurance, and any recovery by the plaintiff must be diminished by the amount of Personal Injury Protection benefits that the plaintiff received under the provisions of Massachusetts General Laws Chapter 90, Section 34(m).

### NINTH DEFENSE

And further answering, the defendant says that plaintiff's damages do not exceed $75,000.00 and therefore the plaintiffs' Complaint should be dismissed.

### TENTH DEFENSE

And further answering, the defendant says that the plaintiff's injuries, if any, were not caused by the malicious, willful, wanton or reckless conduct of the defendant, nor by the defendant's gross negligence and therefore the plaintiff cannot recover punitive damages.

### ELEVENTH DEFENSE

And further answering, the defendant says that complete diversity of citizenship does not exist and therefore the plaintiff's complaint should be dismissed.

### TWELFTH DEFENSE

And further answering, the defendant says that this Court lacks personal jurisdiction over the defendant and therefore the plaintiff's complaint should be dismissed.

### THIRTEENTH DEFENSE

And further answering, the defendant says that this Court lacks subject matter jurisdiction over the defendant and therefore the plaintiff's complaint should be dismissed.

### FOURTEENTH DEFENSE

And further answering, the defendant says that venue is improper and therefore the plaintiff's complaint should be dismissed.

WHEREFORE, the defendant demands judgment against the plaintiff and further demand that said action be dismissed.

AND, FURTHER, the defendant claims a trial by jury on all the issues.

>ALBERT C. McMINOWAY, III
>BY HIS ATTORNEY:
>
>_____
>Peter A. Palmer, Esquire
>Fuller, Rosenberg, Palmer & Beliveau, LLP
>340 Main Street, Suite 817
>Worcester, MA 01608
>(508) 751-5115
>BBO#551117

September 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the parties to this action by mailing a copy thereof, first class, postage prepaid, to the following counsel of record:

Alan R. Goodman, Esquire
1350 Main Street, 12th Floor
Springfield, MA 01103

>_____
>Peter A. Palmer, Esquire
>Fuller, Rosenberg, Palmer & Beliveau, LLP
>340 Main Street, Suite 817
>Worcester, MA 01608
>(508) 751-5115
>BBO#551117

September 14, 2005